VILLANI & DELUCA, P.C.
CHRYSSA YACCARINO, ESQ.
Attorneys for Plaintiffs
Peter Spalluto and
Access 4 All, a Non-Profit Advocacy Group
703 Richmond Avenue
Point Pleasant Beach, NJ 08742
(732)892-9050
CY8082



UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PETER SPALLUTO, Individually and ACCESS 4 ALL, an Advocacy Group<br><br>Plaintiffs<br><br>v.<br><br>PAVILION AT BRICK, JOHNDOES, 1-10, names being fictitious and ABC Corporation 1-10, names being fictitious.<br><br>Defendants | DOCKET NO.: 01-696 (AET)<br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND WITH TEMPORARY AND/OR PERMANENT RESTRAINTS |

Plaintiffs, Peter Spalluto, residing at 448 Sloping Hill Terrace, Township of Brick, County of Ocean, State of New Jersey and Access 4 All, Inc., a Non-Profit Advocacy Group with its principle place of business at 14 Gaspon Avenue, Garfield, New Jersey by way of Complaint against defendants, says:

### JURISDICTION AND VENUE

1. This action arises from a violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 1218, et seq. as more fully set forth herein. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district and the Defendant is doing business in this judicial district.

## STATUTORY BACKGROUND

3. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges and access to all places of public accommodation.

4. Pursuant to 42 U.S.C. § 12182 and 28 CFR 36. 201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

5. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993, if the Defendant has ten (10) or fewer employees and gross receipts of $500,000.00 or less. See 42 U.S.C. § 12181; CFR 36.508(a).

## THE PARTIES AND STANDING

6. Plaintiff Access 4 All is an advocacy organization for the disabled. Access 4 All's members, supporters and affiliates include disabled individuals such as Peter Spalluto, organizations dedicated to the rights of the disabled, and organizations whose members include the disabled, including individuals who live, work, and visit in Monmouth County.

7. Co-Plaintiff Peter Spalluto is a New Jersey resident and qualifies as an individual with disabilities as defined by the ADA. Plaintiff has visited the property which forms the basis of this lawsuit. He plans to return to the property and avail himself of the goods and services offered to the public.

8. The barriers to access at the property described below effectively denied or diminished Plaintiff's ability to access involving parking, path of travel and other issues of accessibility described herein, at this property have posed a risk of injury to plaintiff by causing him not to have enough room to negotiate his way out of the parking space or by not having a proper path

of travel from parking to the facility.

9.      Plaintiff may not visit or use this property without fear of injury so long as those barriers to access remain.

10.     Plaintiff has reasonable grounds to believe that they are and will continue to be subjected to discrimination in violation of the ADA by defendant.

11.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant owns, leases, leases to or operates is known as Razin Plaza, and is located at: 30-68 Brick Boulevard, Brick Township, County of Ocean, State of New Jersey.

12.     Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and usable by individuals with disabilities as defined by the ADA.

13.     Appendix A to Part 36 Standards for Accessible Design (28 CFR Part 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice under the ADA.

14.  Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of he goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. §1218, et seq. and 278 CFR 36.302, et seq. as described below.

15.  Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26, 1992 (or January 26, 1993, if defendant has ten (10) or fewer employees and gross receipts of $500,00.00 or less):

   a. There are an insufficient number of spaces designated for disabled use and no access aisles are provided violating sections 4.1.2 and 4.6.3 of the ADAAG.

   b. There is no accessible route from the parking areas to the facility in violation of sections 4.3.2., 4.6.2 and 4.6.3 of the ADAAG.

   c. The ramp adjacent to the parking space for disabled use leads into the vehicular area in violation of section 4.6. of the ADAAG.

   d. The ramp leading to the parking spaces has a slope exceeding 1:12 in violation of sections 4.3.8., 4.6.3, 4.7.2 and 4.8.2 of the ADAAG.

   e. There are rises at the base of the ramps leading to the center in violation of section 4.8.5 of the ADAAG.

   f. There are no accessible routes from the street, sidewalk and several parking areas. The slopes and/or side slopes of ramps from the sidewalk and parking areas are in excess of 1:12 to access the stores in violation of section 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG.

   g. There are rises at the base of the ramps to the entrances of the stores in excess of the limits prescribed in section 4.13.8 of the ADAAG.

   h. Several areas within the facility have aisles less than 36", the counters are above prescribed limits, and/or there are items displayed for sale outside acceptable reach ranges without signs for disabled assistance in violation of section 4.2.5, 4.2.6, 4.3.2, 4.3.3, 7.2(1) and 7.3 of the ADAAG.

   i. The doors to the stores have handles in violation of section 4.13.9 of the ADAAG.

16. The discriminatory violations described in Paragraph 15 are not an exclusive list of defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

17. The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA.

18. Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable attorney's fees including costs and expenses incurred in this action. Plaintiffs are entitled to recover attorney's fees, costs and expenses from the defendant pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

19. Notice to Defendant is not required as a result of the Defendant's failure to cure violations by January 26, 1992 (on January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000.00 or less). All other conditions precedent have been met by Plaintiffs or waived by the defendant.

20. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

21. Pursuant to 42 U.S.C. §12188, this Court is provided the authority to grant Plaintiffs' Injunctive relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility wither temporary or permanently until such time as the defendant cures its violation of the ADA.

WHEREFORE, Plaintiffs demand judgment against defendants Pavilion at Brick, John and Jane Does (1-10, names being fictitious) and ABC Corporations 1-10 (names being fictitious) as follows:

    a.    A temporary injunction and permanent injunction providing for injunctive relief against the defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

    b.    An award of Attorney's Fees, costs and expenses related to the within matter pursuant to 42 U.S.C. §12205.

    c.    Such other relief as the Court deems just and proper.

Date: 8 February 2001

VILLANI & DELUCA, P.C.
Attorneys for Plaintiffs

By: _____
CHRYSSA YACCARINO